
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0368 FMO (RAOx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | Connie Lee Swift v. State of California, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal of Action

    On October 7, 2016, plaintiff Connie Lee Swift ("Swift" or "plaintiff") filed a Complaint against the State of California ("defendant" or "the State") and Doe defendants alleging equitable state law claims for: (1) unjust enrichment; and (2) declaratory relief. See Swift v. California, CV 16-7534 FMO (RAOx) (C.D. Cal. 2016) ("Swift's First Action") (Dkt. 1, Complaint at ¶¶ 9-12). Swift alleged that the State of California and other states sued Wells Fargo Bank ("Wells Fargo") for mortgage fraud, and that Wells Fargo agreed to pay approximately $1 billion to settle the claims filed by the various states. (See id. ¶¶ 5 & 9-12). Swift asserted an unjust enrichment claim for California's "deliberate withholding of settlement funds" from him, which would "make him whole for the loss of his real property," two homes located in Upland, California. (See id. at ¶¶ 3 & 10). Swift requested that the court declare him the "lead whistleblower," entitling him to a percentage of California's recovery under the California Torts Claims Act. (See id. at ¶¶ 3 & 11). Swift sought $1,566,902 in compensatory damages and $180 million in punitive damages. (See id. at ¶¶ 11 & 12). On October 26, 2016, the court dismissed Swift's First Action without prejudice for lack of subject matter jurisdiction, (see Swift's First Action) (Dkt. 7, Court's Order of October 26, 2016), because "[t]here is no question that a State is not a 'citizen' for purposes of [] diversity jurisdiction."[1] (Id. at 2) (citing cases).

    On December 2, 2016, Swift filed a second Complaint against the State of California and Doe defendants, again asserting the same claims for: (1) unjust enrichment; and (2) declaratory relief. See Swift v. California, CV 16-8946 FMO (RAOx) (C.D. Cal. 2016). ("Swift's Second Action") (Dkt. 1, Complaint at ¶¶ 9-12). Like Swift's First Action, Swift asserted an unjust enrichment claim for California's "deliberate withholding of settlement funds" from him, which would "make him whole for the loss of his real property." (Id. at ¶ 10). Swift again requested that the court declare him the "lead whistleblower," entitling him to a percentage of California's recovery under the California Torts Claims Act. (See id. at ¶¶ 3 & 11). Swift again sought $1,566,902 in compensatory damages and $180 million in punitive damages. (See id. at ¶¶ 11

---

[1] The court further ordered the Clerk to refund any filing fee Swift paid to initiate Swift's First Action. (See id. at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0368 FMO (RAOx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | Connie Lee Swift v. State of California, et al. | | |

& 12). On December 15, 2016, the court dismissed Swift's Second Action without prejudice for lack of subject matter jurisdiction, (see Swift's Second Action) (Dkt. 10, Court's Order of December 15, 2016), because "[t]here is no question that a State is not a 'citizen' for purposes of [] diversity jurisdiction." (Id. at 2) (citing cases).

On January 17, 2017, Swift filed a third Complaint against the State of California and Doe defendants, again asserting claims for: (1) unjust enrichment; and (2) declaratory relief. (See Dkt. 1, Complaint at ¶¶ 11-15). Like Swift's First Action and Swift's Second Action, Swift asserts an unjust enrichment claim for California's "deliberate withholding of settlement funds" from him, which would "make him whole for the loss of his real property." (Id. at ¶ 12). Swift again asks the court to declare him the "lead whistleblower," entitling him to a percentage of a government's recovery. (See id. at ¶ 13). Swift again seeks $1,566,902 in compensatory damages and $180 million in punitive damages. (See id. at ¶¶ 13 & 15).

Swift's instant Complaint was filed under seal because he made a fleeting reference to the False Claims Act, 31 U.S.C. §§ 3729, et seq. (See Dkt. 1, Complaint at ¶ 3). Swift, however, only asserts state law claims against the State of California. (See id. at ¶¶ 11-15). Moreover, to the extent Swift's False Claims Act claim is due to the fact that "[t]he federal government suffered damages when the State of California did not accurately report the funds it was holding onto as income," and other "tax irregularities," (id. at ¶ 2), the False Claims Act provides that the statute "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 28 U.S.C. § 3729(d).

Swift's First Action, Swift's Second Action, and the instant action allege the same two equitable state law claims against the same defendant for its alleged misconduct regarding a settlement with Wells Fargo Bank. (Compare Swift's First Action (Dkt. 1, Complaint at ¶¶ 9-12) with Swift's Second Action (Dkt. 1, Complaint at ¶¶ 9-12) and with Dkt. 1, Complaint at ¶¶ 11-15). Nothing has changed with respect to the instant Complaint other than a reference to the False Claims Act, which appears to have been added in an effort to establish jurisdiction in this court.[2] (See Dkt. 1, Complaint at ¶¶ 2-3). Under the circumstances, the court will require additional facts supporting Swift's allegation that the court has subject matter jurisdiction over this action.

---

[2] "Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11" of the Federal Rules of Civil Procedure. G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1110 (9th Cir. 2003) (internal quotation marks and alteration marks omitted) (citing cases); Vigil v. The Walt Disney Co., 2003 WL 22016805, *6 (N.D. Cal. 2003) (issuing order to show cause why Rule 11 sanctions should not issue against a pro se plaintiff who "proceed[ed] to relitigate claims already decided and, in some instances, already affirmed by the Federal Circuit."). The court notes that this Complaint and Swift's Second Action were transferred to this court based on their similarity to Swift's First Action. Any future attempt by Swift to file a fourth complaint attempting to relitigate the same claims in the first three actions may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0368 FMO (RAOx) | Date | January 31, 2017 |
|---|---|---|---|
| Title | Connie Lee Swift v. State of California, et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1    The Complaint is **dismissed with leave to amend**.

2.    If Swift still wishes to pursue this action, he is granted until **February 14, 2017**, to file an amended complaint attempting to cure the alleged defects outlined in this Order.

3.    The amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 17-0368 FMO (RAOx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make the First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

4.    Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |